**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BISHOP DISPLAY TECH LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOE TECHNOLOGY GROUP CO., LTD,<br><br>Defendant. | Civil Action No. 2:25-cv-00310-JRG<br>(Lead Case) |
| BISHOP DISPLAY TECH LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOE TECHNOLOGY GROUP CO., LTD,<br><br>Defendant. | Civil Action No. 2:25-cv-00309-JRG<br>(Member Case) |

**DEFENDANT BOE TECHNOLOGY GROUP CO. LTD.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT IN THE -310 ACTION**

Defendant BOE Technology Group Co. Ltd. ("BOE") answers Plaintiff Bishop Display Tech LLC's ("Plaintiff" or "Bishop") First Amended Complaint for Patent Infringement (ECF No. 40, "Complaint") as follows. Except as otherwise admitted in this Answer, BOE denies each and every allegation in the Complaint. Any express admission below is admitted only as to the particularly identified fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s). BOE's reproduction of the headings set forth in the Complaint below is solely for the purpose of convenience and is not, and should not be construed as, an admission by BOE that any allegation or other statement in the headings or

paragraphs of the Complaint, whether explicit or implied, is true, correct, or admitted by BOE. BOE further denies that Plaintiff is entitled to the relief requested or any other relief.

**THE PARTIES**

1. BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies them.

2. BOE admits that BOE is a Chinese company with a location at No.12 Xihuanzhong RD, BDA, Beijing, 100176, P.R. China. Except as admitted herein, BOE denies each and every allegation in Paragraph 2 of the Complaint.

3. To the extent that Paragraph 3 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies the allegations in Paragraph 3 of the Complaint. BOE denies any wrongdoing in violation of, or liability under, any such laws. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies them.

4. To the extent that Paragraph 4 states a legal conclusion, no response is required. To the extent that a response is required, the purported quotes and website excerpts in Paragraph 4 speak for themselves. BOE expressly denies that the same webpage states that "display products, including the Accused Products, are intended to be sold and used 'abroad.'" BOE also expressly denies that it has any presence in the United States. BOE also expressly denies that it sells any Accused Products in the United States. Except as admitted herein, BOE denies each and every allegation in Paragraph 4 of the Complaint.

5. To the extent that Paragraph 5 states a legal conclusion, no response is required. To the extent that a response is required, BOE admits that BOE Technology America, Inc. has a facility at 2350 Mission College Blvd., Suite 840, Santa Clara, CA, 95054, USA. BOE denies that

BOE Technology America, Inc. has a facility at 220329 State Highway 249 Suite 180, Houston, TX, 77070. BOE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint and, therefore, denies them.

6. To the extent that Paragraph 6 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and, therefore, denies them.

7. To the extent that Paragraph 7 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 7 of the Complaint.

8. To the extent that Paragraph 8 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 8 of the Complaint.

9. To the extent that Paragraph 9 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 10 of the Complaint.

11. To the extent that Paragraph 11 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. BOE incorporates its responses to Paragraphs 1 to 11 herein by reference.

13. To the extent that Paragraph 13 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 284-285. BOE denies any wrongdoing in violation of, or liability under, any such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338, but denies any wrongdoing in violation of, or liability under, such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop asserts that venue is proper in this district. BOE admits that it is a foreign entity. BOE denies that venue is appropriate or convenient in this Court. Except as admitted herein, BOE denies each and every allegation in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 16 of the Complaint.

17. BOE Technology Group Co., Ltd. denies the allegations in Paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks. To the extent the allegations of Paragraph 18 purport to include images and excerpts, said images and excerpts speak for themselves. BOE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 of the Complaint and, therefore, denies them.

19. To the extent that Paragraph 19 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop asserts in its Complaint that this

Court has personal jurisdiction over BOE. Except as admitted herein, BOE denies each and every allegation in Paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 20 of the Complaint.

21. To the extent that Paragraph 21 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 21 of the Complaint.

22. To the extent that Paragraph 22 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 states a legal conclusion, no response is required. To the extent a response is required, and to the extent the allegations of Paragraph 23 purport to quote from or excerpt the contents of a website, said website speaks for itself. Except as admitted herein, BOE denies each and every allegation in Paragraph 23 of the Complaint.

24. To the extent that Paragraph 24 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 24 of the Complaint.

25. To the extent that Paragraph 25 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 25 of the Complaint.

26. To the extent that Paragraph 26 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 27 of the Complaint.

28. To the extent that Paragraph 28 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 28 of the Complaint.

29. To the extent that Paragraph 29 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 29 of the Complaint.

30. To the extent that Paragraph 30 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 31 of the Complaint.

32. To the extent that Paragraph 32 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 32 of the Complaint.

33. To the extent that Paragraph 33 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 33 of the Complaint.

34. To the extent that Paragraph 34 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 34 of the Complaint.

35. To the extent that Paragraph 35 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 35 of the Complaint.

36. To the extent that Paragraph 36 states a legal conclusion, no response is required. BOE admits that it has a commercial relationship with certain third party device manufacturers. To the extent a response is required, BOE denies the allegations in Paragraph 36 of the Complaint.

37. To the extent Paragraph 37 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop asserts in its Complaint that this Court has personal jurisdiction over the foreign Defendants under Federal Rule of Civil Procedure 4(k)(2). Except as admitted herein, BOE denies each and every allegation in Paragraph 37 of the Complaint.

**COUNT I (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,583,347)**

38. BOE incorporates its responses to Paragraphs 1 to 37 herein by reference.

39. To the extent that Paragraph 39 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq. BOE denies any wrongdoing in violation of, or liability under, any such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 39 of the Complaint.

40. To the extent that Paragraph 40 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and, therefore, denies them.

41. To the extent that Paragraph 41 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 41 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

42. To the extent that Paragraph 42 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 42 of the Complaint.

43. To the extent that Paragraph 43 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’347 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and, therefore, denies them.

44. To the extent that Paragraph 44 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 44 purport to include images, said images speak for themself. BOE denies that it infringed the ’347 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint and, therefore, denies them.

45. To the extent that Paragraph 45 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '347 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and, therefore, denies them.

46. To the extent that Paragraph 46 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '347 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and, therefore, denies them.

47. To the extent that Paragraph 47 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '347 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and, therefore, denies them.

48. To the extent that Paragraph 48 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '347 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and, therefore, denies them.

49. To the extent that Paragraph 49 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '347 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and, therefore, denies them.

50. To the extent that Paragraph 50 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020. BOE also denies that this purported letter was sufficient to provide notice of alleged

infringement. BOE further denies that it was on notice of the ’347 patent. Except as admitted herein, BOE denies each and every allegation in Paragraph 50 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

51. To the extent that Paragraph 51 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks. BOE denies the remaining allegations in Paragraph 51 of the Complaint.

52. To the extent that Paragraph 52 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 52 of the Complaint.

53. To the extent that Paragraph 53 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 53 of the Complaint.

54. To the extent that Paragraph 54 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 54 of the Complaint.

55. To the extent that Paragraph 55 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 55 of the Complaint.

**COUNT II (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,414,682)**

56. BOE incorporates its responses to Paragraphs 1 to 55 herein by reference.

57. To the extent that Paragraph 57 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq. BOE denies any wrongdoing in violation of, or liability under, any such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 57 of the Complaint.

58. To the extent that Paragraph 58 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and, therefore, denies them.

59. To the extent that Paragraph 59 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 59 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

60. To the extent that Paragraph 60 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 60 of the Complaint.

61. To the extent that Paragraph 61 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and, therefore, denies them.

62. To the extent that Paragraph 62 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 62 purport to include images, said images speak for themself. BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 of the Complaint and, therefore, denies them.

63. To the extent that Paragraph 63 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and, therefore, denies them.

64. To the extent that Paragraph 64 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and, therefore, denies them.

65. To the extent that Paragraph 65 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint and, therefore, denies them.

66. To the extent that Paragraph 66 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint and, therefore, denies them.

67. To the extent that Paragraph 67 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint and, therefore, denies them.

68. To the extent that Paragraph 68 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’682 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint and, therefore, denies them.

69. To the extent that Paragraph 69 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020. BOE also denies that this purported letter was sufficient to provide notice of alleged

infringement. BOE denies that it was on notice of the ’682 patent. Except as admitted herein, BOE denies each and every allegation in Paragraph 69 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

70. To the extent that Paragraph 70 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks. BOE denies the remaining allegations in Paragraph 70 of the Complaint.

71. To the extent that Paragraph 71 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 71 of the Complaint.

72. To the extent that Paragraph 72 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 72 of the Complaint.

73. To the extent that Paragraph 73 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 73 of the Complaint.

74. To the extent that Paragraph 74 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 74 of the Complaint.

**COUNT III (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,995,047)**

75. BOE incorporates its responses to Paragraphs 1 to 74 herein by reference.

76. To the extent that Paragraph 76 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq. BOE denies any wrongdoing in violation of, or liability under, any such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 76 of the Complaint.

77. To the extent that Paragraph 77 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint and, therefore, denies them.

78. To the extent that Paragraph 78 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 78 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

79. To the extent that Paragraph 79 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 79 of the Complaint.

80. To the extent that Paragraph 80 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint and, therefore, denies them.

81. To the extent that Paragraph 81 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 81 purport to include images, said images speak for themself. BOE denies that it infringed the ’047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 of the Complaint and, therefore, denies them.

82. To the extent that Paragraph 82 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 82 purport to include images, said images speak for themself. BOE denies that it infringed the ’047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 of the Complaint and, therefore, denies them.

83. To the extent that Paragraph 83 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 83 purport to include images, said images speak for themself. BOE denies that it infringed the '047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 of the Complaint and, therefore, denies them.

84. To the extent that Paragraph 84 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 84 purport to include images, said images speak for themself. BOE denies that it infringed the '047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 of the Complaint and, therefore, denies them.

85. To the extent that Paragraph 85 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 85 purport to include images, said images speak for themself. BOE denies that it infringed the '047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 of the Complaint and, therefore, denies them.

86. To the extent that Paragraph 86 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint and, therefore, denies them.

87. To the extent that Paragraph 87 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint and, therefore, denies them.

88. To the extent that Paragraph 88 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint and, therefore, denies them.

89. To the extent that Paragraph 89 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint and, therefore, denies them.

90. To the extent that Paragraph 90 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint and, therefore, denies them.

91. To the extent that Paragraph 91 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’047 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint and, therefore, denies them.

92. To the extent that Paragraph 92 states a legal conclusion, no response is required. To the extent a further response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020. BOE also denies that this purported letter was sufficient to provide notice of alleged infringement. BOE denies that it was on notice of the ’047 patent. Except as admitted herein, BOE denies each and every allegation in Paragraph 92 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

93. To the extent that Paragraph 93 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks. BOE denies the remaining allegations in Paragraph 93 of the Complaint.

94. To the extent that Paragraph 94 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 94 of the Complaint.

95. To the extent that Paragraph 95 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 95 of the Complaint.

96. To the extent that Paragraph 96 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 96 of the Complaint.

97. To the extent that Paragraph 97 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 97 of the Complaint.

**COUNT IV (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,093,830)**

98. BOE incorporates its responses to Paragraphs 1 to 97 herein by reference.

99. To the extent that Paragraph 99 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq. BOE denies any wrongdoing in violation of, or liability under, any such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 99 of the Complaint.

100. To the extent that Paragraph 100 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 100 of the Complaint and, therefore, denies them.

101. To the extent that Paragraph 101 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 101 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

102. To the extent that Paragraph 102 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 102 of the Complaint.

103. To the extent that Paragraph 103 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Complaint and, therefore, denies them.

104. To the extent that Paragraph 104 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 104 purport to include images, said images speak for themself. BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 104 of the Complaint and, therefore, denies them.

105. To the extent that Paragraph 105 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 105 purport to include images, said images speak for themself. BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 105 of the Complaint and, therefore, denies them.

106. To the extent that Paragraph 106 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 106 purport

to include images, said images speak for themself. BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 106 of the Complaint and, therefore, denies them.

107. To the extent that Paragraph 107 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 107 purport to include images, said images speak for themself. BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 107 of the Complaint and, therefore, denies them.

108. To the extent that Paragraph 108 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 of the Complaint and, therefore, denies them.

109. To the extent that Paragraph 109 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Complaint and, therefore, denies them.

110. To the extent that Paragraph 110 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the Complaint and, therefore, denies them.

111. To the extent that Paragraph 111 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the Complaint and, therefore, denies them.

112. To the extent that Paragraph 112 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the Complaint and, therefore, denies them.

113. To the extent that Paragraph 113 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 113 purport to include images, said images speak for themself. BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 113 of the Complaint and, therefore, denies them.

114. To the extent that Paragraph 114 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 114 purport to include images, said images speak for themself. BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 114 of the Complaint and, therefore, denies them.

115. To the extent that Paragraph 115 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 115 purport to include images, said images speak for themself. BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 115 of the Complaint and, therefore, denies them.

116. To the extent that Paragraph 116 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Complaint and, therefore, denies them.

117. To the extent that Paragraph 117 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the Complaint and, therefore, denies them.

118. To the extent that Paragraph 118 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Complaint and, therefore, denies them.

119. To the extent that Paragraph 119 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Complaint and, therefore, denies them.

120. To the extent that Paragraph 120 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Complaint and, therefore, denies them.

121. To the extent that Paragraph 121 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the ’830 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the Complaint and, therefore, denies them.

122. To the extent that Paragraph 122 states a legal conclusion, no response is required. To the extent a further response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020. BOE also denies that this purported letter was sufficient to provide notice of alleged infringement. BOE further denies that it was on notice of the '830 patent. Except as admitted herein, BOE denies each and every allegation in Paragraph 122 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

123. To the extent that Paragraph 123 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks. BOE denies the remaining allegations in Paragraph 123 of the Complaint.

124. To the extent that Paragraph 124 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 124 of the Complaint.

125. To the extent that Paragraph 125 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 125 of the Complaint.

126. To the extent that Paragraph 126 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 126 of the Complaint.

127. To the extent that Paragraph 127 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 127 of the Complaint.

**CONCLUSION**

128. To the extent that Paragraph 128 states a legal conclusion, no response is required. To the extent a response is required, BOE denies any wrongdoing in violation of, or liability under, any patent laws. BOE denies each and every allegation in Paragraph 128 of the Complaint.

129. To the extent that Paragraph 129 states a legal conclusion, no response is required. To the extent a response is required, BOE denies any wrongdoing in violation of, or liability under, any patent laws. BOE denies each and every allegation in Paragraph 129 of the Complaint.

**JURY DEMAND**

130. BOE demands a trial by jury on all issues so triable in this action.

**PRAYER FOR RELIEF**

131. No response is required to Plaintiff's Prayer for Relief. To the extent any response is required, BOE denies the underlying allegations of Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief from this Court, whether sought in Paragraphs 1-6 of the Prayer for Relief or otherwise. BOE requests that the Court deny all relief to Plaintiff, enter judgment in favor of BOE, find that this is an exceptional case under 35 U.S.C. § 285, and award BOE its attorneys' fees and costs as the prevailing party in this Action.

**BOE'S AFFIRMATIVE AND OTHER DEFENSES**

132. BOE asserts the following affirmative and other defenses without assuming any burden of proof that rightfully should be on Plaintiff. In addition to the defenses described below, BOE specifically reserves all rights to assert additional defenses as additional information becomes available. Furthermore, BOE repeats and incorporates by reference each of its answers in the foregoing paragraphs 1-131 as if fully set forth herein.

**FIRST DEFENSE**
**(Failure to State a Claim)**

133. Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted against BOE.

**SECOND DEFENSE**
**(Non-Infringement)**

134. BOE has not infringed and does not infringe any valid and enforceable claim of the ’347 patent, the ’682 patent, the ’047 patent, or the ’830 patent, under any theory of infringement, including directly, individually, and/or jointly, either literally or under the Doctrine of Equivalents. The doctrine of prosecution history estoppel prevents or at least limits Bishop from relying on the Doctrine of Equivalents to allege infringement of the Asserted Patents. The scope of the issued claims of the Asserted Patents cannot be expanded as a result of amendments and arguments made by the patentee in the U.S. Patent & Trademark Office during the prosecution for each of these Asserted Patents.

135. Bishop has also failed to specifically articulate any infringement theories under the doctrine of equivalents or provide any hypothetical equivalent claim necessary to determine whether there is ensnarement of the prior art. Bishop has also failed to specifically identify what actions by BOE are alleged to constitute inducement regarding any of the Asserted Patents, including failing to articulate how BOE actively encouraged the alleged infringement or how BOE knew that its acts induced the alleged infringement and/or had specific intent to encourage another’s infringement. Bishop has thus failed to show that BOE indirectly infringes any of the Asserted Claims.

**THIRD DEFENSE**
**(Invalidity)**

136. The asserted claims of the ’347 patent, the ’682 patent, the ’047 patent, and the ’830 patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including but not limited to one or more of Sections 101, 102, 103, and/or 112.

**FOURTH DEFENSE**
**(Prosecution History Estoppel, Prosecution Laches, Disclaimer, Ensnarement, Reverse Doctrine of Equivalents)**

137. Plaintiff's claims against BOE are barred, in whole or in part, by the doctrines of prosecution history estoppel, prosecution laches, disclaimer, ensnarement, and/or reverse doctrine of equivalents, based on statements or arguments made during prosecution of the relevant patent applications.

**FIFTH DEFENSE**
**(Equitable Defenses)**

138. Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, estoppel, unclean hands, patent exhaustion, patent misuse, inequitable conduct, implied license, laches, and/or other equitable doctrines.

**SIXTH DEFENSE**
**(Not an Exceptional Case)**

139. To the extent Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**SEVENTH DEFENSE**
**(Notice)**

140. Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287, including based on Plaintiff's failure to mark, including without limitation, to the extent Plaintiff contends there are products covered by the Asserted Patents, Plaintiff's failure to mark its own products with the numbers of the Asserted Patents and/or its failure to require and/or police the marking of Plaintiff's customers and licensees. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Plaintiff's claims for relief are limited by the

doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

**EIGHTH DEFENSE**
**(Territoriality)**

141. To the extent Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271, et seq., including but not limited to § 271(a).

**NINTH DEFENSE**
**(License/Exhaustion)**

142. Plaintiff's claims are barred, in whole or in part, by license (implied, express, and/or otherwise), and under the doctrine of patent exhaustion.

**TENTH DEFENSE**
**(Lack of Standing)**

143. To the extent Plaintiff does not have substantially all the rights or all the rights to the Asserted Patents, or to the extent the purported assignments of the Asserted Patents, if any, are defective for any reason, Plaintiff lacks standing to bring this action.

**ELEVENTH DEFENSE**
**(Limitations on Damages and Costs)**

144. Plaintiff's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

**TWELFTH DEFENSE**
**(Contractual Obligations)**

145. To the extent that the Asserted Patents are subject to a contractual obligation to a third party, including an obligation to negotiate in good faith towards, and to license the Asserted Patents on, fair, reasonable, and non-discriminatory terms pursuant to an applicable standard setting

organizations' intellectual property polices, Plaintiff's claims are barred, or its relief limited, based on a violation of those obligations.

**THIRTEENTH DEFENSE**
**(Double Patenting)**

146. The claims of the Asserted Patents are invalid for statutory and/or obviousness-type double patenting.

**FOURTEENTH DEFENSE**
**(Unenforceability)**

147. The Asserted Patents, and the claims therein, are unenforceable against BOE. To the extent the alleged inventors of the Asserted Patents did not invent the purported inventions, or to the extent the actual and correct inventors are not named as inventors, the Asserted Patents are unenforceable.

**FIFTEENTH DEFENSE**
**(Intervening Rights)**

148. Bishop's claims for infringement and monetary damages are limited by intervening rights to the extent Bishop reissues any Asserted Patents, amends any claim thereof, or revives any expired Asserted Patents.

**SIXTEENTH DEFENSE**
**(*Res Judicata* and Collateral Estoppel)**

149. Bishop is barred from raising claims and/or issues that have been litigated under the doctrine of *res judicata* and/or collateral estoppel.

**SEVENTEENTH DEFENSE**
**(No Equitable Relief)**

150. Bishop is not entitled to any form of equitable relief because Bishop has not suffered, and will not suffer, irreparable harm as a result of the alleged conduct. Bishop has an

adequate remedy at law, and the balance of hardships and the public interest do not favor injunctive relief.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

BOE reserves all defenses, including affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## COUNTERCLAIMS

For its counterclaims against Bishop Display Tech LLC ("Counterclaim Defendant" or "Bishop"), BOE Technology Group Co., Ltd, ("Counterclaim Plaintiff" or "BOE") alleges as follows:

### THE PARTIES

1. Counterclaim Plaintiff BOE Technology Group Co., Ltd. is a is a Chinese company with a principal place of business at No.12 Xihuanzhong RD, BDA, Beijing, 100176, P.R. China.

2. Upon information and belief, Counterclaim Defendant Bishop Display Tech LLC is a limited liability company with a principal place of business at 4757 W. Park Blvd, Ste 113-1080, Plano, Texas 75093.

### JURISDICTION AND VENUE

3. Bishop has consented to the personal jurisdiction of this Court, at least by commencing its action for patent infringement in this District, as set forth in its First Amended Complaint.

4. Based solely on Bishop's filing of this action, venue is proper in this district under 28 U.S.C. § 1400(b).

**COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,583,347**

5. BOE incorporates by reference Paragraphs 1-4 above.

6. Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '347 patent.

7. BOE does not infringe at least claim 1 of the '347 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes "at least one electrode of the common electrode and the pixel electrode is constituted by an electrode portion and a wiring portion," "the electrode portion is formed in a layer separated by an insulating layer from a layer in which the scanning signal line is formed," or "the wiring portion is formed in the layer in which the scanning signal line is formed" as required by claim 1 of the '347 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '347 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,583,347**

9. BOE incorporates by reference Paragraphs 1-8 above.

10. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '347 patent.

11. At least claim 1 of the '347 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 5,949,509, WO

(PCT) Patent Application Publication No. 98/27454, U.S. Patent No. 6,351,300, Japanese Patent Application Publication No. H10-301141, and Japanese Patent Application Publication No. H09-269508. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the ’347 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

12. At least claim 1 of the ’347 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the ’347 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the ’347 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

13. At least claim 1 of the ’347 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int’l*, 573 U.S. 208 (2014).

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’347 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT III – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,414,682

15. BOE incorporates by reference Paragraphs 1-14 above.

16. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’682 patent.

17. BOE does not infringe at least claim 7 of the ’682 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “wherein at least one of the scanning signal lines, the video signal lines, the pixel electrode, or the common electrode is at least partially constituted by a light-transmitting conductive layer and a light-non-transmitting conductive layer” as required by claim 7 of the ’682 patent.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’682 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,414,682**

19. BOE incorporates by reference Paragraphs 1-18 above.

20. Based on Bishop’s filing of this action and at least BOE’s third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the ’682 patent.

21. At least claim 7 of the ’682 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application Publication No. H09-269508, WO (PCT) Patent Application Publication No. 98/27454, Japanese Patent Application Publication No. 2000-98404, U.S. Patent No. 5,907,379, and Japanese Patent Application Publication No. H10-301141. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 7 of the ’682 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

22. At least claim 7 of the ’682 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the ’682 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 7 of the ’682 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

23. At least claim 7 of the ’682 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int’l*, 573 U.S. 208 (2014).

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’682 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT V – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,995,047**

25. BOE incorporates by reference Paragraphs 1-24 above.

26. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’047 patent.

27. BOE does not infringe at least claim 1 of the ’047 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “a plurality of current output circuits for outputting an electric current in accordance with said first electric current, each of said current output circuits comprising a current-voltage converting circuit, a voltage-current converting circuit, a voltage holding circuit having a terminal being connected to a

reference voltage different from the first voltage, and at least one current output terminal," "each of said current output circuits operates in three operation modes," "under said voltage supply mode, each of said current output circuits receives said first voltage from said first voltage supply source, and the first voltage is supplied to another terminal of said voltage holding circuit," or "under said current supply mode, each of said current output circuits receives said first current from said first current supply source, and generates a second voltage by said current-voltage converting circuit, and the first current is supplied to said another terminal of said voltage holding circuit," as required by claim 1 of the '047 patent.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '047 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT VI – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,995,047**

29. BOE incorporates by reference Paragraphs 1-28 above.

30. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '047 patent.

31. At least claim 1 of the '047 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 7,760,161, U.S. Patent Application Publication No. 2005/0017765, U.S. Patent No. 6,870,192, U.S. Patent No. 7,760,163, and U.S. Patent Application Publication No. 2006/0158396. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '047 patent, and

BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

32. At least claim 1 of the ’047 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the ’047 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the ’047 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

33. At least claim 1 of the ’047 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int’l*, 573 U.S. 208 (2014).

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’047 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT VII – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,093,830**

35. BOE incorporates by reference Paragraphs 1-34 above.

36. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’830 patent.

37. BOE does not infringe at least claim 1 of the ’830 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “a current comparing section that compares the output current detected by the output current detecting section

and the reference value specified by the current command section," "an impedance detecting section that detects an impedance of the semiconductor light source" or "the output voltage controlling section controls the output voltage of the voltage source based on an output of the current comparing section and an output of the impedance detecting section" as required by claim 1 of the '830 patent.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '830 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT VIII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,093,830**

39. BOE incorporates by reference Paragraphs 1-38 above.

40. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '830 patent.

41. At least claim 1 of the '830 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 8,093,830, Japanese Patent Application Publication No. 2004-327152, U.S. Patent No. 7,332,699, U.S. Patent No. 8,242,787, and U.S. Patent No. 7,471,287. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '830 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

42. At least claim 1 of the '830 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '830 patent does not contain a written description of the alleged invention and

does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the ’830 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

43. At least claim 1 of the ’830 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int’l*, 573 U.S. 208 (2014).

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’830 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**REQUEST FOR RELIEF**

BOE respectfully requests the following relief:

a. Judgment that the Complaint in its entirety be dismissed with prejudice;

b. Judgment that Bishop takes nothing by its Complaint, including that Bishop is not entitled to an award of compensatory damages, attorneys’ fees, costs, pre-judgment or post-judgment interest under 35 U.S.C. §§ 284 or 285, or any applicable law;

c. Denial of any and all of Bishop’s requests for relief;

d. Judgment that BOE has not infringed, and is not infringing, any valid and enforceable claim of the Asserted Patents;

e. Judgment that the claims of the Asserted Patents are invalid and/or unenforceable;

f. Permanently enjoining Bishop and/or any of its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest,

and those persons in active concert or privity with them, from directly or indirectly asserting infringement or instituting any further action for infringement of the Asserted Patents against BOE, or any of BOE's customers, end-users, agents, suppliers, contractors, consultants, successors, and assigns;

g. An order that this case (or any cause of action) is "exceptional" pursuant to 35 U.S.C. § 285, entitling BOE to an award of their reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon; and

h. Grant to BOE such other and further relief as the Court deems just and proper.

**BOE'S DEMAND FOR JURY TRIAL**

BOE demands a trial by jury of all issues so triable in this action.

Dated: September 24, 2025

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
melissa@gillamsmithlaw.com

Steven Pepe
(NY Bar No. 2810430)
Matthew R. Shapiro
(NY Bar No. 5102017)
Brian Lebow
(NY Bar No. 5992573)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppardmullin.com
mshapiro@sheppardmullin.com
blebow@sheppardmullin.com

James L. Davis, Jr.
(CA Bar No. 304830)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
1540 El Camino Real, Suite 120
Menlo Park, CA 94025-4111
Telephone: (650) 815-2600
Facsimile: (650) 815-2601
jdavis@sheppardmullin.com

Lance W. Shapiro
(NY Bar No. 5397955)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Lance.Shapiro@ropesgray.com

*Attorneys for Defendant*
*BOE Technology Group Co., Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, September 24, 2025, with a copy of this document via the Court's CM/ECF system.

*/s/ Melissa R. Smith*________________