## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| BISHOP DISPLAY TECH LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BOE TECHNOLOGY GROUP CO., LTD,<br><br>    Defendant. | Civil Action No. 2:25-cv-00310-JRG<br>(Lead Case) |
| BISHOP DISPLAY TECH LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BOE TECHNOLOGY GROUP CO., LTD,<br><br>    Defendant. | Civil Action No. 2:25-cv-00309-JRG<br>(Member Case) |

### DEFENDANT BOE TECHNOLOGY GROUP CO. LTD.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT IN THE -309 ACTION

Defendant BOE Technology Group Co. Ltd. ("BOE") answers Plaintiff Bishop Display Tech LLC's ("Plaintiff" or "Bishop") First Amended Complaint for Patent Infringement (ECF No. 41, "Complaint") as follows.  Except as otherwise admitted in this Answer, BOE denies each and every allegation in the Complaint.  Any express admission below is admitted only as to the particularly identified fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s).  BOE's reproduction of the headings set forth in the Complaint below is solely for the purpose of convenience and is not, and should not be construed as, an admission by BOE that any allegation or other statement in the headings or

paragraphs of the Complaint, whether explicit or implied, is true, correct, or admitted by BOE. BOE further denies that Plaintiff is entitled to the relief requested or any other relief.

## THE PARTIES

1.      BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies them.

2.      BOE admits that BOE is a Chinese company with a location at No.12 Xihuanzhong RD, BDA, Beijing, 100176, P.R. China.  Except as admitted herein, BOE denies each and every allegation in Paragraph 2 of the Complaint.

3.      To the extent that Paragraph 3 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies the allegations in Paragraph 3 of the Complaint. BOE denies any wrongdoing in violation of, or liability under, any such laws.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies them.

4.      To the extent that Paragraph 4 states a legal conclusion, no response is required. To the extent that a response is required, the purported quotes and website excerpts in Paragraph 4 speak for themselves.  BOE expressly denies that the same webpage states that "display products, including the Accused Products, are intended to be sold and used 'abroad.'"  BOE also expressly denies that it has any presence in the United States.  BOE also expressly denies that it sells any Accused Products in the United States.  Except as admitted herein, BOE denies each and every allegation in Paragraph 4 of the Complaint.

5.      To the extent that Paragraph 5 states a legal conclusion, no response is required. To the extent that a response is required, BOE admits that BOE Technology America, Inc. has a facility at 2350 Mission College Blvd., Suite 840, Santa Clara, CA, 95054, USA.  BOE denies that

BOE Technology America, Inc. has a facility at 220329 State Highway 249 Suite 180, Houston, TX, 77070. BOE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint and, therefore, denies them.

6.      To the extent that Paragraph 6 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and, therefore, denies them.

7.      To the extent that Paragraph 7 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 7 of the Complaint.

8.      To the extent that Paragraph 8 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 8 of the Complaint.

9.      To the extent that Paragraph 9 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 9 of the Complaint.

10.      To the extent that Paragraph 10 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 10 of the Complaint.

11.      To the extent that Paragraph 11 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.      BOE incorporates its responses to Paragraphs 1 to 11 herein by reference.

13.      To the extent that Paragraph 13 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 284-285.  BOE denies any wrongdoing in violation of, or liability under, any such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 13 of the Complaint.

14.     To the extent that Paragraph 14 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338, but denies any wrongdoing in violation of, or liability under, such laws. Except as admitted herein, BOE denies each and every allegation in Paragraph 14 of the Complaint.

15.     To the extent that Paragraph 15 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop asserts that venue is proper in this district. BOE admits that it is a foreign entity.  BOE denies that venue is appropriate or convenient in this Court.  Except as admitted herein, BOE denies each and every allegation in Paragraph 15 of the Complaint.

16.     To the extent that Paragraph 16 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 16 of the Complaint.

17.     BOE Technology Group Co., Ltd. denies the allegations in Paragraph 17 of the Complaint.

18.     To the extent that Paragraph 18 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks. To the extent the allegations of Paragraph 18 purport to include images and excerpts, said images and excerpts speak for themselves. BOE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 of the Complaint and, therefore, denies them.

19.     To the extent that Paragraph 19 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop asserts in its Complaint that this

Court has personal jurisdiction over BOE.  Except as admitted herein, BOE denies each and every allegation in Paragraph 19 of the Complaint.

20.     To the extent that Paragraph 20 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 20 of the Complaint.

21.     To the extent that Paragraph 21 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 21 of the Complaint.

22.     To the extent that Paragraph 22 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 22 of the Complaint.

23.     To the extent that Paragraph 23 states a legal conclusion, no response is required. To the extent a response is required, and to the extent the allegations of Paragraph 23 purport to quote from or excerpt the contents of a website, said website speaks for itself. Except as admitted herein, BOE denies each and every allegation in Paragraph 23 of the Complaint.

24.     To the extent that Paragraph 24 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 24 of the Complaint.

25.     To the extent that Paragraph 25 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 25 of the Complaint.

26.     To the extent that Paragraph 26 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 26 of the Complaint.

27.     To the extent that Paragraph 27 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 27 of the Complaint.

28.     To the extent that Paragraph 28 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 28 of the Complaint.

29.     To the extent that Paragraph 29 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 29 of the Complaint.

30.     To the extent that Paragraph 30 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 30 of the Complaint.

31.     To the extent that Paragraph 31 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 31 of the Complaint.

32.     To the extent that Paragraph 32 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 32 of the Complaint.

33.     To the extent that Paragraph 33 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 33 of the Complaint.

34.     To the extent that Paragraph 34 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 34 of the Complaint.

35.     To the extent that Paragraph 35 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 35 of the Complaint.

36.     To the extent that Paragraph 36 states a legal conclusion, no response is required. BOE admits that it has a commercial relationship with certain third party device manufacturers.  To the extent a response is required, BOE denies the allegations in Paragraph 36 of the Complaint.

37.     To the extent Paragraph 37 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop asserts in its Complaint that this Court has personal jurisdiction over the foreign Defendants under Federal Rule of Civil Procedure 4(k)(2). Except as admitted herein, BOE denies each and every allegation in Paragraph 37 of the Complaint.

**COUNT I (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,525,798)**

38.     BOE incorporates its responses to Paragraphs 1 to 37 herein by reference.

39.     To the extent that Paragraph 39 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  BOE denies any wrongdoing in violation of, or liability under, any such laws.  Except as admitted herein, BOE denies each and every allegation in Paragraph 39 of the Complaint.

40.     To the extent that Paragraph 40 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and, therefore, denies them.

41.     To the extent that Paragraph 41 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 41 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

42.     To the extent that Paragraph 42 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 42 of the Complaint.

43.     To the extent that Paragraph 43 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '798 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and, therefore, denies them.

44.     To the extent that Paragraph 44 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 44 purport to include images, said images speak for themself.  BOE denies that it infringed the '798 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint and, therefore, denies them.

45.     To the extent that Paragraph 45 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '798 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and, therefore, denies them.

46.     To the extent that Paragraph 46 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '798 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and, therefore, denies them.

47.     To the extent that Paragraph 47 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '798 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and, therefore, denies them.

48.     To the extent that Paragraph 48 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020.  BOE also denies that this purported letter was sufficient to provide notice of alleged infringement.  BOE further denies that it was on notice of the '798 patent.  Except as admitted herein, BOE denies each and every allegation in Paragraph 48 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

49.     To the extent that Paragraph 49 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks. BOE denies the remaining allegations in Paragraph 49 of the Complaint.

50.     To the extent that Paragraph 50 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 50 of the Complaint.

51.     To the extent that Paragraph 51 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 51 of the Complaint.

52.     To the extent that Paragraph 52 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 52 of the Complaint.

53.     To the extent that Paragraph 53 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 53 of the Complaint.

**COUNT II (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,787,829)**

54.     BOE incorporates its responses to Paragraphs 1 to 53 herein by reference.

55.     To the extent that Paragraph 55 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  BOE denies any wrongdoing in violation of, or liability under, any such laws.  Except as admitted herein, BOE denies each and every allegation in Paragraph 55 of the Complaint.

56.     To the extent that Paragraph 56 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and, therefore, denies them.

57.     To the extent that Paragraph 57 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 57 of the Complaint.

## ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))

58.     To the extent that Paragraph 58 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 58 of the Complaint.

59.     To the extent that Paragraph 59 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '829 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and, therefore, denies them.

60.     To the extent that Paragraph 60 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 60 purport to include images, said images speak for themself.  BOE denies that it infringed the '829 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 of the Complaint and, therefore, denies them.

61.     To the extent that Paragraph 61 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '829 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and, therefore, denies them.

62.     To the extent that Paragraph 62 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '829 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and, therefore, denies them.

63.     To the extent that Paragraph 63 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '829 patent.  BOE otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and, therefore, denies them.

64.    To the extent that Paragraph 64 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '829 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and, therefore, denies them.

65.    To the extent that Paragraph 65 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '829 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint and, therefore, denies them.

66.    To the extent that Paragraph 66 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020.  BOE also denies that this purported letter was sufficient to provide notice of alleged infringement.  BOE further denies that it was on notice of the '829 patent.  Except as admitted herein, BOE denies each and every allegation in Paragraph 66 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

67.    To the extent that Paragraph 67 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks.  BOE denies the remaining allegations in Paragraph 67 of the Complaint.

68.    To the extent that Paragraph 68 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 68 of the Complaint.

69.    To the extent that Paragraph 69 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 69 of the Complaint.

70.    To the extent that Paragraph 70 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 70 of the Complaint.

71.    To the extent that Paragraph 71 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 71 of the Complaint.

**COUNT III (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,801,293)**

72.    BOE incorporates its responses to Paragraphs 1 to 71 herein by reference.

73.    To the extent that Paragraph 73 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  BOE denies any wrongdoing in violation of, or liability under, any such laws.  Except as admitted herein, BOE denies each and every allegation in Paragraph 73 of the Complaint.

74.    To the extent that Paragraph 74 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint and, therefore, denies them.

75.    To the extent that Paragraph 75 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 75 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

76.    To the extent that Paragraph 76 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 76 of the Complaint.

77.     To the extent that Paragraph 77 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '293 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint and, therefore, denies them.

78.     To the extent that Paragraph 78 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 78 purport to include images, said images speak for themself.  BOE denies that it infringed the '293 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 78 of the Complaint and, therefore, denies them.

79.     To the extent that Paragraph 79 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '293 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint and, therefore, denies them.

80.     To the extent that Paragraph 80 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '293 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint and, therefore, denies them.

81.     To the extent that Paragraph 81 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '293 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint and, therefore, denies them.

82.     To the extent that Paragraph 82 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '293 patent.  BOE otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint and, therefore, denies them.

83.    To the extent that Paragraph 83 states a legal conclusion, no response is required. To the extent a further response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020.  BOE also denies that this purported letter was sufficient to provide notice of alleged infringement.  BOE further denies that it was on notice of the '293 patent.  Except as admitted herein, BOE denies each and every allegation in Paragraph 83 of the Complaint.

### ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))

84.    To the extent that Paragraph 84 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks.  BOE denies the remaining allegations in Paragraph 84 of the Complaint.

85.    To the extent that Paragraph 85 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 85 of the Complaint.

86.    To the extent that Paragraph 86 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 86 of the Complaint.

87.    To the extent that Paragraph 87 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 87 of the Complaint.

88.    To the extent that Paragraph 88 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 88 of the Complaint.

### COUNT IV (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,816,208)

89.    BOE incorporates its responses to Paragraphs 1 to 88 herein by reference.

90.     To the extent that Paragraph 90 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  BOE denies any wrongdoing in violation of, or liability under, any such laws.  Except as admitted herein, BOE denies each and every allegation in Paragraph 90 of the Complaint.

91.     To the extent that Paragraph 91 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint and, therefore, denies them.

92.     To the extent that Paragraph 92 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 92 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

93.     To the extent that Paragraph 93 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 93 of the Complaint.

94.     To the extent that Paragraph 94 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '208 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint and, therefore, denies them.

95.     To the extent that Paragraph 95 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 95 purport to include images, said images speak for themself.  BOE denies that it infringed the '208 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 95 of the Complaint and, therefore, denies them.

96.     To the extent that Paragraph 96 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '208 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint and, therefore, denies them.

97.     To the extent that Paragraph 97 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '208 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Complaint and, therefore, denies them.

98.     To the extent that Paragraph 98 states a legal conclusion, no response is required. To the extent a further response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020.  BOE also denies that this purported letter was sufficient to provide notice of alleged infringement.  BOE further denies that it was on notice of the '208 patent.  Except as admitted herein, BOE denies each and every allegation in Paragraph 98 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

99.     To the extent that Paragraph 99 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks.  BOE denies the remaining allegations in Paragraph 99 of the Complaint.

100.    To the extent that Paragraph 100 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 100 of the Complaint.

101.    To the extent that Paragraph 101 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 101 of the Complaint.

102.     To the extent that Paragraph 102 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 102 of the Complaint.

103.     To the extent that Paragraph 103 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 103 of the Complaint.

**COUNT V (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,850,303)**

104.     BOE incorporates its responses to Paragraphs 1 to 103 herein by reference.

105.     To the extent that Paragraph 105 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  BOE denies any wrongdoing in violation of, or liability under, any such laws.  Except as admitted herein, BOE denies each and every allegation in Paragraph 105 of the Complaint.

106.     To the extent that Paragraph 106 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint and, therefore, denies them.

107.     To the extent that Paragraph 107 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 107 of the Complaint.

**ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))**

108.     To the extent that Paragraph 108 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 108 of the Complaint.

109.     To the extent that Paragraph 109 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent.  BOE

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Complaint and, therefore, denies them.

110. To the extent that Paragraph 110 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 110 purport to include images, said images speak for themself. BOE denies that it infringed the '303 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 110 of the Complaint and, therefore, denies them.

111. To the extent that Paragraph 111 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the Complaint and, therefore, denies them.

112. To the extent that Paragraph 112 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the Complaint and, therefore, denies them.

113. To the extent that Paragraph 113 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the Complaint and, therefore, denies them.

114. To the extent that Paragraph 114 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the Complaint and, therefore, denies them.

115.    To the extent that Paragraph 115 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the Complaint and, therefore, denies them.

116.    To the extent that Paragraph 116 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Complaint and, therefore, denies them.

117.    To the extent that Paragraph 117 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '303 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the Complaint and, therefore, denies them.

118.    To the extent that Paragraph 118 states a legal conclusion, no response is required. To the extent a further response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020.  BOE also denies that this purported letter was sufficient to provide notice of alleged infringement.  BOE further denies that it was on notice of the '303 patent.  Except as admitted herein, BOE denies each and every allegation in Paragraph 118 of the Complaint.

**ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))**

119.    To the extent that Paragraph 119 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks.  BOE denies the remaining allegations in Paragraph 119 of the Complaint.

120.    To the extent that Paragraph 120 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 120 of the Complaint.

121.    To the extent that Paragraph 121 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 121 of the Complaint.

122.    To the extent that Paragraph 122 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 122 of the Complaint.

123.    To the extent that Paragraph 123 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 123 of the Complaint.

**COUNT VI (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,906,769)**

124.    BOE incorporates its responses to Paragraphs 1 to 123 herein by reference.

125.    To the extent that Paragraph 125 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that Bishop alleges in its Complaint that this action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  BOE denies any wrongdoing in violation of, or liability under, any such laws.  Except as admitted herein, BOE denies each and every allegation in Paragraph 125 of the Complaint.

126.    To the extent that Paragraph 126 states a legal conclusion, no response is required. To the extent that a response is required, BOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the Complaint and, therefore, denies them.

127.    To the extent that Paragraph 127 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 127 of the Complaint.

## ALLEGED DIRECT INFRINGEMENT (35 U.S.C. §271(A))

128.    To the extent that Paragraph 128 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 128 of the Complaint.

129.    To the extent that Paragraph 129 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '769 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the Complaint and, therefore, denies them.

130.    To the extent that Paragraph 130 states a legal conclusion, no response is required. To the extent that a response is required, and to the extent the allegations of Paragraph 130 purport to include images, said images speak for themself.  BOE denies that it infringed the '769 patent. BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 of the Complaint and, therefore, denies them.

131.    To the extent that Paragraph 131 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '769 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Complaint and, therefore, denies them.

132.    To the extent that Paragraph 132 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '769 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 of the Complaint and, therefore, denies them.

133.    To the extent that Paragraph 133 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '769 patent.  BOE

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of the Complaint and, therefore, denies them.

134.    To the extent that Paragraph 134 states a legal conclusion, no response is required. To the extent that a response is required, BOE denies that it infringed the '769 patent.  BOE otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the Complaint and, therefore, denies them.

135.    To the extent that Paragraph 135 states a legal conclusion, no response is required. To the extent a further response is required, BOE denies that it received a letter from Parkside IP LLC on July 29, 2020.  BOE also denies that this purported letter was sufficient to provide notice of alleged infringement.  BOE further denies that it was on notice of the '769 patent.  Except as admitted herein, BOE denies each and every allegation in Paragraph 135 of the Complaint.

## ALLEGED INDIRECT INFRINGEMENT (35 U.S.C. §271(B))

136.    To the extent that Paragraph 136 states a legal conclusion, no response is required. To the extent a response is required, BOE admits that certain of its products are evaluated by Underwriters Laboratories and bear certain UL certification marks.  BOE denies the remaining allegations in Paragraph 136 of the Complaint.

137.    To the extent that Paragraph 137 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 137 of the Complaint.

138.    To the extent that Paragraph 138 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 138 of the Complaint.

139.    To the extent that Paragraph 139 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 139 of the Complaint.

140.    To the extent that Paragraph 140 states a legal conclusion, no response is required. To the extent a response is required, BOE denies the allegations in Paragraph 140 of the Complaint.

## CONCLUSION

141.    To the extent that Paragraph 141 states a legal conclusion, no response is required. To the extent a response is required, BOE denies any wrongdoing in violation of, or liability under, any patent laws.  BOE denies each and every allegation in Paragraph 141 of the Complaint.

142.    To the extent that Paragraph 142 states a legal conclusion, no response is required. To the extent a response is required, BOE denies any wrongdoing in violation of, or liability under, any patent laws.  BOE denies each and every allegation in Paragraph 142 of the Complaint.

## JURY DEMAND

143.    BOE demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

144.    No response is required to Plaintiff's Prayer for Relief.  To the extent any response is required, BOE denies the underlying allegations of Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief from this Court, whether sought in Paragraphs 1-6 of the Prayer for Relief or otherwise.  BOE requests that the Court deny all relief to Plaintiff, enter judgment in favor of BOE, find that this is an exceptional case under 35 U.S.C. § 285, and award BOE its attorneys' fees and costs as the prevailing party in this Action.

## BOE'S AFFIRMATIVE AND OTHER DEFENSES

145.    BOE asserts the following affirmative and other defenses without assuming any burden of proof that rightfully should be on Plaintiff.  In addition to the defenses described below, BOE specifically reserves all rights to assert additional defenses as additional information becomes

available.  Furthermore, BOE repeats and incorporates by reference each of its answers in the

foregoing paragraphs 1-144 as if fully set forth herein.

## FIRST DEFENSE
### (Failure to State a Claim)

146.    Plaintiff fails to allege facts sufficient to state a claim upon which relief may be

granted against BOE.

## SECOND DEFENSE
### (Non-Infringement)

147.    BOE has not infringed and does not infringe any valid and enforceable claim of the

'798 patent, the '829 patent, the '293 patent, the '208 patent, the '303 patent, or the '769 patent

under any theory of infringement, including directly, individually, and/or jointly, either literally or

under the Doctrine of Equivalents.  The doctrine of prosecution history estoppel prevents or at least

limits Bishop from relying on the Doctrine of Equivalents to allege infringement of the Asserted

Patents. The scope of the issued claims of the Asserted Patents cannot be expanded as a result of

amendments and arguments made by the patentee in the U.S. Patent & Trademark Office during the

prosecution for each of these Asserted Patents.

148.    Bishop has also failed to specifically articulate any infringement theories under the

doctrine of equivalents or provide any hypothetical equivalent claim necessary to determine

whether there is ensnarement of the prior art. Bishop has also failed to specifically identify what

actions by BOE are alleged to constitute inducement regarding any of the Asserted Patents,

including failing to articulate how BOE actively encouraged the alleged infringement or how BOE

knew that its acts induced the alleged infringement and/or had specific intent to encourage

another's infringement. Bishop has thus failed to show that BOE indirectly infringes any of the

Asserted Claims.

**THIRD DEFENSE**
**(Invalidity)**

149.    The asserted claims of the '798 patent, the '829 patent, the '293 patent, the '208 patent, the '303 patent, and the '769 patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including but not limited to one or more of Sections 101, 102, 103, and/or 112.

**FOURTH DEFENSE**
**(Prosecution History Estoppel, Prosecution Laches, Disclaimer, Ensnarement, Reverse Doctrine of Equivalents)**

150.    Plaintiff's claims against BOE are barred, in whole or in part, by the doctrines of prosecution history estoppel, prosecution laches, disclaimer, ensnarement, and/or reverse doctrine of equivalents, based on statements or arguments made during prosecution of the relevant patent applications.

**FIFTH DEFENSE**
**(Equitable Defenses)**

151.    Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, estoppel, unclean hands, patent exhaustion, patent misuse, inequitable conduct, implied license, laches, and/or other equitable doctrines.

**SIXTH DEFENSE**
**(Not an Exceptional Case)**

152.    To the extent Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**SEVENTH DEFENSE**
**(Notice)**

153.    Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and

287, including based on Plaintiff's failure to mark, including without limitation, to the extent

Plaintiff contends there are products covered by the Asserted Patents, Plaintiff's failure to mark its

own products with the numbers of the Asserted Patents and/or its failure to require and/or police the

marking of Plaintiff's customers and licensees.   Plaintiff is barred from recovering costs in

connection with this action under 35 U.S.C. § 288.   Plaintiff's claims for relief are limited by the

doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double

recovery.

### EIGHTH DEFENSE
### (Territoriality)

154.    To the extent Plaintiff's claims are directed to acts occurring outside the United

States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C.

§ 271, et seq., including but not limited to § 271(a).

### NINTH DEFENSE
### (License/Exhaustion)

155.    Plaintiff's claims are barred, in whole or in part, by license (implied, express, and/or

otherwise), and under the doctrine of patent exhaustion.

### TENTH DEFENSE
### (Lack of Standing)

156.    To the extent Plaintiff does not have substantially all the rights or all the rights to the

Asserted Patents, or to the extent the purported assignments of the Asserted Patents, if any, are

defective for any reason, Plaintiff lacks standing to bring this action.

### ELEVENTH DEFENSE
### (Limitations on Damages and Costs)

157.    Plaintiff's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

### TWELFTH DEFENSE
### (Contractual Obligations)

158.    To the extent that the Asserted Patents are subject to a contractual obligation to a third party, including an obligation to negotiate in good faith towards, and to license the Asserted Patents on, fair, reasonable, and non-discriminatory terms pursuant to an applicable standard setting organizations' intellectual property polices, Plaintiff's claims are barred, or its relief limited, based on a violation of those obligations.

### THIRTEENTH DEFENSE
### (Double Patenting)

159.    The claims of the Asserted Patents are invalid for statutory and/or obviousness-type double patenting.

### FOURTEENTH DEFENSE
### (Unenforceability)

160.    The Asserted Patents, and the claims therein, are unenforceable against BOE. To the extent the alleged inventors of the Asserted Patents did not invent the purported inventions, or to the extent the actual and correct inventors are not named as inventors, the Asserted Patents are unenforceable.

### FIFTEENTH DEFENSE
### (Intervening Rights)

161.    Bishop's claims for infringement and monetary damages are limited by intervening rights to the extent Bishop reissues any Asserted Patents, amends any claim thereof, or revives any expired Asserted Patents.

### SIXTEENTH DEFENSE
### (*Res Judicata* and Collateral Estoppel)

162.    Bishop is barred from raising claims and/or issues that have been litigated under the doctrine of *res judicata* and/or collateral estoppel.

**SEVENTEENTH DEFENSE**
**(No Equitable Relief)**

163.    Bishop is not entitled to any form of equitable relief because Bishop has not suffered, and will not suffer, irreparable harm as a result of the alleged conduct. Bishop has an adequate remedy at law, and the balance of hardships and the public interest do not favor injunctive relief.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

BOE reserves all defenses, including affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

**COUNTERCLAIMS**

For its counterclaims against Bishop Display Tech LLC ("Counterclaim Defendant" or "Bishop"), BOE Technology Group Co., Ltd, ("Counterclaim Plaintiff" or "BOE") alleges as follows:

**THE PARTIES**

1.    Counterclaim Plaintiff BOE Technology Group Co., Ltd. is a is a Chinese company with a principal place of business at No.12 Xihuanzhong RD, BDA, Beijing, 100176, P.R. China.

2.    Upon information and belief, Counterclaim Defendant Bishop Display Tech LLC is a limited liability company with a principal place of business at 4757 W. Park Blvd, Ste 113-1080, Plano, Texas 75093.

**JURISDICTION AND VENUE**

3.       Bishop has consented to the personal jurisdiction of this Court, at least by commencing its action for patent infringement in this District, as set forth in its First Amended Complaint.

4.       Based solely on Bishop's filing of this action, venue is proper in this district under 28 U.S.C. § 1400(b).

**COUNT I – DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 6,525,798**

5.       BOE incorporates by reference Paragraphs 1-4 above.

6.       Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '798 patent.

7.       BOE does not infringe at least claim 1 of the '798 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes "each of the pixels includes a plurality of electrode pairs, each electrode pair comprising one of the common electrodes and an adjacent one of the pixel electrodes," or "at least one of the electrode pairs differs from other electrode pairs in a thickness of its common electrode or a thickness of its pixel electrode" as required by claim 1 of the '798 patent.

8.       Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '798 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II – DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 6,525,798

9.      BOE incorporates by reference Paragraphs 1-8 above.

10.     Based on Bishop's filing of this action and at least BOE's third defense, an actual

controversy has arisen and now exists between the parties as to the validity of one or more claims

of the '798 patent.

11.     At least claim 1 of the '798 patent is invalid because it is anticipated or rendered

obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application

Publication No. H07-128683, U.S. Patent No. 6,337,726, WO (PCT) Patent Application

Publication No. 98/47044, WO (PCT) Patent Application Publication No. 98/27454, and Japanese

Patent Application Publication No. H09-73101.  The above is a non-exhaustive list of prior art that

anticipates or renders obvious at least claim 1 of the '798 patent, and BOE reserves all rights to

identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this

litigation.

12.     At least claim 1 of the '798 patent is invalid under 35 U.S.C. § 112 ¶1 because the

specification of the '798 patent does not contain a written description of the alleged invention and

does not enable a person skilled in the art to make and use the alleged invention.  Further, at least

claim 1 of the '798 patent is invalid because it includes limitations and/or claim terms that fail to

satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

13.     At least claim 1 of the '798 patent is invalid because it is directed to an abstract idea

and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v.*

*CLS Bank Int'l*, 573 U.S. 208 (2014).

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE

requests a declaration by the Court that the claims of the '798 patent are invalid for failure to

comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT III – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO 6,787,829

15.    BOE incorporates by reference Paragraphs 1-14 above.

16.    Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '829 patent.

17.    BOE does not infringe at least claim 1 of the '829 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes "a plurality of image signal lines located over the surface of the array substrate that is in contact with the liquid crystal layer, the image signal lines being aligned in a same direction," "a line-shaped pixel electrode located in each of pixel regions of the array substrate that is surrounded by the image signal lines and the scanning signal lines, the pixel electrode located parallel to the image signal lines or to the scanning signal lines," "a common electrode located in each of the pixel regions and located parallel to the pixel electrode," or "wherein, of the pixel electrode and the common electrode, the electrode that is located adjacent to and parallel to one of the image signal lines or one of the scanning signal lines comprises an opaque conductor, and at least one of the other electrodes comprises a transparent conductor" as required by claim 1 of the '829 patent.

18.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '829 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT IV – DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 6,787,829

19.    BOE incorporates by reference Paragraphs 1-18 above.

20.    Based on Bishop's filing of this action and at least BOE's third defense, an actual

controversy has arisen and now exists between the parties as to the validity of one or more claims

of the '829 patent.

21.    At least claim 1 of the '829 patent is invalid because it is anticipated or rendered

obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 6,337,726, WO

(PCT) Patent Application Publication No. 98/27454, U.S. Patent No. 6,452,656, U.S. Patent No.

6,222,599, and U.S. Patent No. 5,995,187.  The above is a non-exhaustive list of prior art that

anticipates or renders obvious at least claim 7 of the '829 patent, and BOE reserves all rights to

identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this

litigation.

22.    At least claim 1 of the '829 patent is invalid under 35 U.S.C. § 112 ¶1 because the

specification of the '829 patent does not contain a written description of the alleged invention and

does not enable a person skilled in the art to make and use the alleged invention.  Further, at least

claim 1 of the '829 patent is invalid because it includes limitations and/or claim terms that fail to

satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

23.    At least claim 1 of the '829 patent is invalid because it is directed to an abstract idea

and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v.*

*CLS Bank Int'l*, 573 U.S. 208 (2014).

24.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE

requests a declaration by the Court that the claims of the '829 patent are invalid for failure to

comply with one or more of the requirements of United States Code, Title 35, including without

limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT V – DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF U.S. PATENT NO. 6,801,293

25.     BOE incorporates by reference Paragraphs 1-24 above.

26.     Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '293 patent.

27.     BOE does not infringe at least claim 1 of the '293 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that practices "a stripping step of stripping, by rubbing, a predetermined portion of the orientation film on the electrodes or lines once formed on the inner side of one or both of the substrates" as required by claim 1 of the '293 patent.

28.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '293 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT VI – DECLARATORY JUDGMENT OF
### INVALIDITY OF U.S. PATENT NO. 6,801,293

29.     BOE incorporates by reference Paragraphs 1-28 above.

30.     Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '293 patent.

31.    At least claim 1 of the '293 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application Publication No. H9- 274190, U.S. Patent No. 5,949,509, Japanese Patent Application Publication No. H7- 248478, Japanese Patent Application Publication No. H11-109307, and Japanese Patent Application Publication No. H11-305235.  The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '293 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

32.    At least claim 1 of the '293 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '293 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention.  Further, at least claim 1 of the '293 patent is invalid because it include limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

33.    At least claim 1 of the '293 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

34.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the '293 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT VII – DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF U.S. PATENT NO. 6,816,208

35.    BOE incorporates by reference Paragraphs 1-34 above.

36.      Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '208 patent.

37.      BOE does not infringe at least claim 1 of the '208 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes "the value of the storage capacity in said capacitive accumulation portion of the one pixel is different from that of the adjacent pixel by varying an aperture in the common electrode of the adjacent pixel with respect to the aperture of the one pixel" as required by claim 1 of the '208 patent.

38.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '208 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT VIII – DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 6,816,208

39.      BOE incorporates by reference Paragraphs 1-38 above.

40.      Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '208 patent.

41.      At least claim 1 of the '208 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 6,028,650, U.S. Patent No. 6,020,214, Japanese Patent Application Publication No. H5- 232509, Japanese Patent Application Publication No. H07-029535, and Japanese Patent Application Publication No. JP2000-56322.  The above is a non-exhaustive list of prior art that anticipates or renders obvious at

least claim 1 of the '208 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

42.    At least claim 1 of the '208 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '208 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention.  Further, at least claim 1 of the '208 patent is invalid because it include limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

43.    At least claim 1 of the '208 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

44.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the '208 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT IX – DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF U.S. PATENT NO. 6,850,303

45.    BOE incorporates by reference Paragraphs 1-44 above.

46.    Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '303 patent.

47.    BOE does not infringe at least claim 1 of the '303 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes "the pixel

electrode and the storage capacity electrode are layered so as to hold at least some part of the common wiring in between through an insulating layer" as required by claim 1 of the '303 patent.

48.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '303 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT X – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,850,303

49.     BOE incorporates by reference Paragraphs 1-48 above.

50.     Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '303 patent.

51.     At least claim 1 of the '303 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application Publication No. H09-236820, Japanese Patent Application Publication No. P2000-98420, U.S. Patent No. 6,812,975, U.S. Patent No. 5,852,485, and U.S. Patent No. 5,734,449.  The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '303 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

52.     At least claim 1 of the '303 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '303 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention.  Further, at least claim 1 of the '303 patent is invalid because it include limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

53.    At least claim 1 of the '303 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

54.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the '303 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT XI – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,906,769

55.    BOE incorporates by reference Paragraphs 1-54 above.

56.    Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '769 patent.

57.    BOE does not infringe at least claim 1 of the '769 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes "a first conductive member which is formed on the first insulating substrate and interposed between the first insulating substrate and its corresponding alignment layer, being in partial contact with the alignment layer and to which a negative voltage is applied, the first conductive member being gate signal lines" as required by claim 1 of the '769 patent.

58.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '769 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT XII – DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 6,906,769

59.    BOE incorporates by reference Paragraphs 1-58 above.

60.    Based on Bishop's filing of this action and at least BOE's third defense, an actual

controversy has arisen and now exists between the parties as to the validity of one or more claims

of the '769 patent.

61.    At least claim 1 of the '769 patent is invalid because it is anticipated or rendered

obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 6,335,770, U.S.

Patent No. 6,069,678, Japanese Patent Application Publication No. H10-186407, Japanese Patent

Application Publication No. H9-96794, Japanese Patent Application Publication No. H8- 95075.

The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of

the '769 patent, and BOE reserves all rights to identify additional references under 35 U.S.C.

§§ 102 and/or 103 during the course of this litigation.

62.    At least claim 1 of the '769 patent is invalid under 35 U.S.C. § 112 ¶1 because the

specification of the '769 patent does not contain a written description of the alleged invention and

does not enable a person skilled in the art to make and use the alleged invention.  Further, at least

claim 1 of the '769 patent is invalid because it include limitations and/or claim terms that fail to

satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

63.    At least claim 1 of the '769 patent is invalid because it is directed to an abstract idea

and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v.*

*CLS Bank Int'l*, 573 U.S. 208 (2014).

64.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE

requests a declaration by the Court that the claims of the '769 patent are invalid for failure to

comply with one or more of the requirements of United States Code, Title 35, including without

limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## REQUEST FOR RELIEF

BOE respectfully requests the following relief:

a.      Judgment that the Complaint in its entirety be dismissed with prejudice;

b.      Judgment that Bishop takes nothing by its Complaint, including that Bishop is not entitled to an award of compensatory damages, attorneys' fees, costs, pre-judgment or post-judgment interest under 35 U.S.C. §§ 284 or 285, or any applicable law;

c.      Denial of any and all of Bishop's requests for relief;

d.      Judgment that BOE has not infringed, and is not infringing, any valid and enforceable claim of the Asserted Patents;

e.      Judgment that the claims of the Asserted Patents are invalid and/or unenforceable;

f.      Permanently enjoining Bishop and/or any of its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or privity with them, from directly or indirectly asserting infringement or instituting any further action for infringement of the Asserted Patents against BOE, or any of BOE's customers, end-users, agents, suppliers, contractors, consultants, successors, and assigns;

g.      An order that this case (or any cause of action) is "exceptional" pursuant to 35 U.S.C. § 285, entitling BOE to an award of their reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon; and

h.      Grant to BOE such other and further relief as the Court deems just and proper.

## BOE'S DEMAND FOR JURY TRIAL

BOE demands a trial by jury of all issues so triable in this action.

Dated:  September 24, 2025        Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
melissa@gillamsmithlaw.com

Steven Pepe
(NY Bar No. 2810430)
Matthew R. Shapiro
(NY Bar No. 5102017)
Brian Lebow
(NY Bar No. 5992573)
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppardmullin.com
mshapiro@sheppardmullin.com
blebow@sheppardmullin.com

James L. Davis, Jr.
(CA Bar No. 304830)
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
1540 El Camino Real, Suite 120
Menlo Park, CA 94025-4111
Telephone: (650) 815-2600
Facsimile: (650) 815-2601
jdavis@sheppardmullin.com

Lance W. Shapiro
(NY Bar No. 5397955)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Lance.Shapiro@ropesgray.com

*Attorneys for Defendant*
*BOE Technology Group Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, September 24, 2025, with a copy of this document via the Court's CM/ECF system.

*/s/ Melissa R. Smith*