**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BISHOP DISPLAY TECH LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BOE TECHNOLOGY GROUP CO., LTD.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 2:25-cv-310-JRG**<br>**(Lead Case)**<br><br>**JURY TRIAL DEMANDED** |
| **BISHOP DISPLAY TECH LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BOE TECHNOLOGY GROUP CO., LTD.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 2:25-cv-309-JRG**<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF BISHOP DISPLAY TECH LLC'S**
**<u>ANSWER TO DEFENDANT'S COUNTERCLAIMS IN THE -310 ACTION</u>**

Plaintiff Bishop Display Tech LLC ("Plaintiff" or "Bishop Display") answers the counterclaims (Dkt. No. 49) of Defendant BOE Technology Group., Ltd. ("Defendant") brought in the -310 action. Bishop Display answers Defendant's allegations using the headers and numbers that appear in the "Counterclaims" section of Defendant's pleading. All of Defendant's allegations not expressly admitted herein are denied.

## COUNTERCLAIMS

For its counterclaims against Bishop Display Tech LLC ("Counterclaim Defendant" or "Bishop"), BOE Technology Group Co., Ltd, ("Counterclaim Plaintiff" or "BOE") alleges as follows:

**Answer:**

Bishop Display admits that Defendant purports to assert counterclaims against Plaintiff.

## THE PARTIES

1. Counterclaim Plaintiff BOE Technology Group Co., Ltd. is a is a Chinese company with a principal place of business at No.12 Xihuanzhong RD, BDA, Beijing, 100176, P.R. China.

**Answer:**

Bishop Display lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. Upon information and belief, Counterclaim Defendant Bishop Display Tech LLC is a limited liability company with a principal place of business at 4757 W. Park Blvd, Ste 113-1080, Plano, Texas 75093.

**Answer:**

Admitted.

## JURISDICTION AND VENUE

3. Bishop has consented to the personal jurisdiction of this Court, at least by commencing its action for patent infringement in this District, as set forth in its First Amended Complaint.

**Answer:**

Bishop Display admits that this Court has personal jurisdiction over Bishop Display as to the allegations made in the First Amended Complaint and Defendant's declaratory judgment claims of non-infringement and invalidity. Otherwise, denied.

4. Based solely on Bishop's filing of this action, venue is proper in this district under 28 U.S.C. § 1400(b).

**Answer:**

Bishop Display admits that this venue is proper as to the allegations made in the First Amended Complaint and Defendant's declaratory judgment claims of non-infringement and invalidity.

**COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,583,347**

5. BOE incorporates by reference Paragraphs 1-4 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

6. Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '347 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

7. BOE does not infringe at least claim 1 of the ’347 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “at least one electrode of the common electrode and the pixel electrode is constituted by an electrode portion and a wiring portion,” “the electrode portion is formed in a layer separated by an insulating layer from a layer in which the scanning signal line is formed,” or “the wiring portion is formed in the layer in which the scanning signal line is formed” as required by claim 1 of the ’347 patent.

**Answer:**

Denied.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’347 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,583,347**

9. BOE incorporates by reference Paragraphs 1-8 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

10. Based on Bishop’s filing of this action and at least BOE’s third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the ’347 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

11. At least claim 1 of the ’347 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 5,949,509, WO (PCT) Patent Application Publication No. 98/27454, U.S. Patent No. 6,351,300, Japanese Patent Application Publication No. H10-301141, and Japanese Patent Application Publication No. H09-269508. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the ’347 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

12. At least claim 1 of the ’347 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the ’347 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the ’347 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

13. At least claim 1 of the ’347 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under Alice Corp. Pty. Ltd. v. CLS Bank Int’l, 573 U.S. 208 (2014).

**Answer:**

Denied.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’347 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**COUNT III – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,414,682**

15. BOE incorporates by reference Paragraphs 1-14 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

16. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’682 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

17. BOE does not infringe at least claim 7 of the ’682 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “wherein at least one of the scanning signal lines, the video signal lines, the pixel electrode, or the common

electrode is at least partially constituted by a light-transmitting conductive layer and a light-non-transmitting conductive layer" as required by claim 7 of the '682 patent.

**Answer:**

Denied.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '682 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,414,682**

19. BOE incorporates by reference Paragraphs 1-18 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

20. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '682 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

21. At least claim 7 of the ’682 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application Publication No. H09-269508, WO (PCT) Patent Application Publication No. 98/27454, Japanese Patent Application Publication No. 2000-98404, U.S. Patent No. 5,907,379, and Japanese Patent Application Publication No. H10-301141. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 7 of the ’682 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

22. At least claim 7 of the ’682 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the ’682 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 7 of the ’682 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

23. At least claim 7 of the ’682 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under Alice Corp. Pty. Ltd. v. CLS Bank Int’l, 573 U.S. 208 (2014).

**Answer:**

Denied.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’682 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**COUNT V – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,995,047**

25. BOE incorporates by reference Paragraphs 1-24 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

26. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’047 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

27. BOE does not infringe at least claim 1 of the ’047 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “a plurality of current output circuits for outputting an electric current in accordance with said first electric current, each of said current output circuits comprising a current-voltage converting circuit, a

voltage-current converting circuit, a voltage holding circuit having a terminal being connected to a reference voltage different from the first voltage, and at least one current output terminal," "each of said current output circuits operates in three operation modes," "under said voltage supply mode, each of said current output circuits receives said first voltage from said first voltage supply source, and the first voltage is supplied to another terminal of said voltage holding circuit," or "under said current supply mode, each of said current output circuits receives said first current from said first current supply source, and generates a second voltage by said current-voltage converting circuit, and the first current is supplied to said another terminal of said voltage holding circuit," as required by claim 1 of the '047 patent.

**Answer:**

Denied.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '047 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT VI – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,995,047**

29. BOE incorporates by reference Paragraphs 1-28 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

30. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '047 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

31. At least claim 1 of the '047 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 7,760,161, U.S. Patent Application Publication No. 2005/0017765, U.S. Patent No. 6,870,192, U.S. Patent No. 7,760,163, and U.S. Patent Application Publication No. 2006/0158396. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '047 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

32. At least claim 1 of the '047 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '047 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the '047 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

33. At least claim 1 of the ’047 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under Alice Corp. Pty. Ltd. v. CLS Bank Int’l, 573 U.S. 208 (2014).

**Answer:**

Denied.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’047 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**COUNT VII – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,093,830**

35. BOE incorporates by reference Paragraphs 1-34 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

36. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’830 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

37. BOE does not infringe at least claim 1 of the ’830 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “a current comparing section that compares the output current detected by the output current detecting section and the reference value specified by the current command section,” “an impedance detecting section that detects an impedance of the semiconductor light source” or “the output voltage controlling section controls the output voltage of the voltage source based on an output of the current comparing section and an output of the impedance detecting section” as required by claim 1 of the ’830 patent.

**Answer:**

Denied.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’830 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT VIII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,093,830**

39. BOE incorporates by reference Paragraphs 1-38 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

40. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '830 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

41. At least claim 1 of the '830 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 8,093,830, Japanese Patent Application Publication No. 2004-327152, U.S. Patent No. 7,332,699, U.S. Patent No. 8,242,787, and U.S. Patent No. 7,471,287. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '830 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

42. At least claim 1 of the '830 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '830 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the '830 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

43. At least claim 1 of the ’830 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under Alice Corp. Pty. Ltd. v. CLS Bank Int’l, 573 U.S. 208 (2014).

**Answer:**

Denied.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’830 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**REQUEST FOR RELIEF**

BOE respectfully requests the following relief:

a. Judgment that the Complaint in its entirety be dismissed with prejudice;

b. Judgment that Bishop takes nothing by its Complaint, including that Bishop is not entitled to an award of compensatory damages, attorneys’ fees, costs, pre-judgment or post-judgment interest under 35 U.S.C. §§ 284 or 285, or any applicable law;

c. Denial of any and all of Bishop’s requests for relief;

d. Judgment that BOE has not infringed, and is not infringing, any valid and enforceable claim of the Asserted Patents;

e. Judgment that the claims of the Asserted Patents are invalid and/or unenforceable;

f. Permanently enjoining Bishop and/or any of its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or privity with them, from directly or indirectly asserting infringement or instituting any further action for infringement of the Asserted Patents against BOE, or any of BOE's customers, end-users, agents, suppliers, contractors, consultants, successors, and assigns;

g. An order that this case (or any cause of action) is "exceptional" pursuant to 35 U.S.C. § 285, entitling BOE to an award of their reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon; and

h. Grant to BOE such other and further relief as the Court deems just and proper.

**Answer:**

Bishop Display denies that Defendant is entitled to any of the relief requested in paragraphs a-h of Defendant's Request for Relief.

**BOE'S DEMAND FOR JURY TRIAL**

BOE demands a trial by jury of all issues so triable in this action.

**Answer:**

Bishop Display admits that Defendant demands a jury trial on all issues that may so be tried. Otherwise, denied.

**BISHOP DISPLAY'S PRAYER FOR RELIEF**

WHEREFORE, Bishop Display prays for the following relief:

1. All relief sought in Bishop Display's First Amended Complaint;
2. That Defendant take nothing by reason of the counterclaims, and that the counterclaims be dismissed with prejudice;

3. That the Court enter judgment in favor of Bishop Display and against Defendant, with respect to all causes of action in the counterclaims;
4. That the Court award Bishop Display its attorneys' fees and other costs reasonably incurred in the defense of the counterclaims; and
5. That the Court order such other further relief for Bishop Display as the Court may deem just and proper.

**JURY DEMAND**

Bishop Display demands a trial by jury of any and all issues triable of right before a jury.

Dated: October 13, 2025

Respectfully submitted,

/s/ *Patrick J. Conroy*
Patrick J. Conroy
Texas Bar No. 24012448
Justin Kimble
Texas Bar No. 24036909
T. William Kennedy Jr.
Texas Bar No. 24055771
Jon Rastegar
Texas Bar No. 24064043
**Nelson Bumgardner Conroy PC**
2727 North Harwood Street
Suite 250
Dallas, TX 75201
Tel: (214) 446-4950
pat@nelbum.com
justin@nelbum.com
bill@nelbum.com
jon@nelbum.com

John P. Murphy
Texas Bar No. 24056024
**Nelson Bumgardner Conroy PC**
3131 W 7th St
Suite 300
Fort Worth, TX 76107

Tel: (817) 806-3808
murphy@nelbum.com

Attorneys for Plaintiff
**BISHOP DISPLAY TECH LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 13, 2025.

*/s/ Patrick J. Conroy*
Patrick J. Conroy