**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BISHOP DISPLAY TECH LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BOE TECHNOLOGY GROUP CO., LTD.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 2:25-cv-310-JRG**<br>**(Lead Case)**<br><br>**JURY TRIAL DEMANDED** |
| **BISHOP DISPLAY TECH LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BOE TECHNOLOGY GROUP CO., LTD.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 2:25-cv-309-JRG**<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF BISHOP DISPLAY TECH LLC'S**
**ANSWER TO DEFENDANT'S COUNTERCLAIMS IN THE -309 ACTION**

Plaintiff Bishop Display Tech LLC ("Plaintiff" or "Bishop Display") answers the counterclaims (Dkt. No. 50) of Defendant BOE Technology Group., Ltd. ("Defendant") brought in the -309 action. Bishop Display answers Defendant's allegations using the headers and numbers that appear in the "Counterclaims" section of Defendant's pleading. All of Defendant's allegations not expressly admitted herein are denied.

## COUNTERCLAIMS

For its counterclaims against Bishop Display Tech LLC ("Counterclaim Defendant" or "Bishop"), BOE Technology Group Co., Ltd, ("Counterclaim Plaintiff" or "BOE") alleges as follows:.

**Answer:**

Bishop Display admits that Defendant purports to assert counterclaims against Plaintiff.

## THE PARTIES

1. Counterclaim Plaintiff BOE Technology Group Co., Ltd. is a is a Chinese company with a principal place of business at No.12 Xihuanzhong RD, BDA, Beijing, 100176, P.R. China.

**Answer:**

Bishop Display lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. Upon information and belief, Counterclaim Defendant Bishop Display Tech LLC is a limited liability company with a principal place of business at 4757 W. Park Blvd, Ste 113-1080, Plano, Texas 75093.

**Answer:**

Admitted.

## JURISDICTION AND VENUE

3. Bishop has consented to the personal jurisdiction of this Court, at least by commencing its action for patent infringement in this District, as set forth in its First Amended Complaint.

**Answer:**

Bishop Display admits that this Court has personal jurisdiction over Bishop Display as to the allegations made in the First Amended Complaint and Defendant's declaratory judgment claims of non-infringement and invalidity. Otherwise, denied.

4. Based solely on Bishop's filing of this action, venue is proper in this district under 28 U.S.C. § 1400(b).

**Answer:**

Bishop Display admits that this venue is proper as to the allegations made in the First Amended Complaint and Defendant's declaratory judgment claims of non-infringement and invalidity.

**COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,525,798**

5. BOE incorporates by reference Paragraphs 1-4 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

6. Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '798 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

7. BOE does not infringe at least claim 1 of the ’798 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “each of the pixels includes a plurality of electrode pairs, each electrode pair comprising one of the common electrodes and an adjacent one of the pixel electrodes,” or “at least one of the electrode pairs differs from other electrode pairs in a thickness of its common electrode or a thickness of its pixel electrode” as required by claim 1 of the ’798 patent.

**Answer:**

Denied.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’798 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,525,798**

9. BOE incorporates by reference Paragraphs 1-8 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

10. Based on Bishop’s filing of this action and at least BOE’s third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the ’798 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

11. At least claim 1 of the ’798 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application Publication No. H07-128683, U.S. Patent No. 6,337,726, WO (PCT) Patent Application Publication No. 98/47044, WO (PCT) Patent Application Publication No. 98/27454, and Japanese Patent Application Publication No. H09-73101. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the ’798 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

12. At least claim 1 of the ’798 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the ’798 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the ’798 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

13. At least claim 1 of the ’798 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int’l*, 573 U.S. 208 (2014).

**Answer:**

Denied.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’798 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**COUNT III – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,787,829**

15. BOE incorporates by reference Paragraphs 1-14 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

16. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’829 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

17. BOE does not infringe at least claim 1 of the ’829 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “a plurality of image signal lines located over the surface of the array substrate that is in contact with the liquid crystal layer, the image signal lines being aligned in a same direction,” “a line-shaped pixel electrode located in each of pixel regions of the array substrate that is surrounded by the image signal lines and the scanning signal lines, the pixel electrode located parallel to the image signal lines or to the scanning signal lines,” “a common electrode located in each of the pixel regions and located parallel to the pixel electrode,” or “wherein, of the pixel electrode and the common electrode, the electrode that is located adjacent to and parallel to one of the image signal lines or one of the scanning signal lines comprises an opaque conductor, and at least one of the other electrodes comprises a transparent conductor” as required by claim 1 of the ’829 patent.

**Answer:**

Denied.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’829 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,787,829**

19. BOE incorporates by reference Paragraphs 1-18 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

20. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '829 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

21. At least claim 1 of the '829 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 6,337,726, WO (PCT) Patent Application Publication No. 98/27454, U.S. Patent No. 6,452,656, U.S. Patent No. 6,222,599, and U.S. Patent No. 5,995,187. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 7 of the '829 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

22. At least claim 1 of the '829 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '829 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the '829 patent is invalid because it includes limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

23. At least claim 1 of the ’829 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int’l*, 573 U.S. 208 (2014).

**Answer:**

Denied.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’829 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

## COUNT V – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,801,293

25. BOE incorporates by reference Paragraphs 1-24 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

26. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’293 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

27. BOE does not infringe at least claim 1 of the ’293 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that practices “a stripping step of stripping, by rubbing, a predetermined portion of the orientation film on the electrodes or lines once formed on the inner side of one or both of the substrates” as required by claim 1 of the ’293 patent.

**Answer:**

Denied.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’293 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT VI – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,801,293**

29. BOE incorporates by reference Paragraphs 1-28 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

30. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '293 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

31. At least claim 1 of the '293 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application Publication No. H9- 274190, U.S. Patent No. 5,949,509, Japanese Patent Application Publication No. H7- 248478, Japanese Patent Application Publication No. H11-109307, and Japanese Patent Application Publication No. H11-305235. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '293 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

32. At least claim 1 of the '293 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '293 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the '293 patent is invalid because it include limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

33. At least claim 1 of the ’293 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int’l*, 573 U.S. 208 (2014).

**Answer:**

Denied.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’293 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**COUNT VII – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,816,208**

35. BOE incorporates by reference Paragraphs 1-34 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

36. Based on Bishop’s filing of this action and at least BOE’s second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the ’208 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

37. BOE does not infringe at least claim 1 of the ’208 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “the value of the storage capacity in said capacitive accumulation portion of the one pixel is different from that of the adjacent pixel by varying an aperture in the common electrode of the adjacent pixel with respect to the aperture of the one pixel” as required by claim 1 of the ’208 patent.

**Answer:**

Denied.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’208 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT VIII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,816,208**

39. BOE incorporates by reference Paragraphs 1-38 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

40. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '208 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

41. At least claim 1 of the '208 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 6,028,650, U.S. Patent No. 6,020,214, Japanese Patent Application Publication No. H5- 232509, Japanese Patent Application Publication No. H07-029535, and Japanese Patent Application Publication No. JP2000-56322. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '208 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

42. At least claim 1 of the '208 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '208 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the '208 patent is invalid because it include limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

43. At least claim 1 of the '208 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

**Answer:**

Denied.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the '208 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**COUNT IX – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,850,303**

45. BOE incorporates by reference Paragraphs 1-44 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

46. Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '303 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

47. BOE does not infringe at least claim 1 of the '303 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes "the pixel electrode and the storage capacity electrode are layered so as to hold at least some part of the common wiring in between through an insulating layer" as required by claim 1 of the '303 patent.

**Answer:**

Denied.

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the '303 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

## COUNT X – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,850,303

49. BOE incorporates by reference Paragraphs 1-48 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

50. Based on Bishop's filing of this action and at least BOE's third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '303 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

51. At least claim 1 of the '303 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, Japanese Patent Application Publication No. H09-236820, Japanese Patent Application Publication No. P2000-98420, U.S. Patent No. 6,812,975, U.S. Patent No. 5,852,485, and U.S. Patent No. 5,734,449. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the '303 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

52. At least claim 1 of the '303 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the '303 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the '303 patent is invalid because it include limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

53. At least claim 1 of the '303 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 573 U.S. 208 (2014).

**Answer:**

Denied.

54. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the '303 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

**COUNT XI – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,906,769**

55. BOE incorporates by reference Paragraphs 1-54 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

56. Based on Bishop's filing of this action and at least BOE's second defense, an actual controversy has arisen and now exists between the parties as to whether Bishop infringes the '769 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning infringement of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

57. BOE does not infringe at least claim 1 of the ’769 patent because, among other things, BOE does not make, use, sell, offer to sell, or import any system that includes “a first conductive member which is formed on the first insulating substrate and interposed between the first insulating substrate and its corresponding alignment layer, being in partial contact with the alignment layer and to which a negative voltage is applied, the first conductive member being gate signal lines” as required by claim 1 of the ’769 patent.

**Answer:**

Denied.

58. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that BOE has not infringed and does not infringe any claim of the ’769 patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Answer:**

Denied.

**COUNT XII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,906,769**

59. BOE incorporates by reference Paragraphs 1-58 above.

**Answer:**

This paragraph purports to incorporate previously asserted allegations. Bishop Display reasserts its responses to each realleged allegation. Otherwise, denied.

60. Based on Bishop’s filing of this action and at least BOE’s third defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the ’769 patent.

**Answer:**

Bishop Display admits that an actual controversy has arisen and exists between Bishop Display and Defendant concerning the validity of the Patents-in-Suit. Bishop Display denies that Defendant is entitled to any declaratory judgment or requested relief. Otherwise, denied.

61. At least claim 1 of the ’769 patent is invalid because it is anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by, without limitation, U.S. Patent No. 6,335,770, U.S. Patent No. 6,069,678, Japanese Patent Application Publication No. H10-186407, Japanese Patent Application Publication No. H9-96794, Japanese Patent Application Publication No. H8- 95075. The above is a non-exhaustive list of prior art that anticipates or renders obvious at least claim 1 of the ’769 patent, and BOE reserves all rights to identify additional references under 35 U.S.C. §§ 102 and/or 103 during the course of this litigation.

**Answer:**

Denied.

62. At least claim 1 of the ’769 patent is invalid under 35 U.S.C. § 112 ¶1 because the specification of the ’769 patent does not contain a written description of the alleged invention and does not enable a person skilled in the art to make and use the alleged invention. Further, at least claim 1 of the ’769 patent is invalid because it include limitations and/or claim terms that fail to satisfy the definiteness requirement of 35 U.S.C. § 112 ¶2.

**Answer:**

Denied.

63. At least claim 1 of the ’769 patent is invalid because it is directed to an abstract idea and fails to claim eligible subject matter under 35 U.S.C. § 101 and under Alice Corp. Pty. Ltd. v. CLS Bank Int’l, 573 U.S. 208 (2014).

**Answer:**

Denied.

64. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BOE requests a declaration by the Court that the claims of the ’769 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Answer:**

Denied.

## REQUEST FOR RELIEF

BOE respectfully requests the following relief:

a. Judgment that the Complaint in its entirety be dismissed with prejudice;

b. Judgment that Bishop takes nothing by its Complaint, including that Bishop is not entitled to an award of compensatory damages, attorneys’ fees, costs, pre-judgment or post-judgment interest under 35 U.S.C. §§ 284 or 285, or any applicable law;

c. Denial of any and all of Bishop’s requests for relief;

d. Judgment that BOE has not infringed, and is not infringing, any valid and enforceable claim of the Asserted Patents;

e. Judgment that the claims of the Asserted Patents are invalid and/or unenforceable;

f. Permanently enjoining Bishop and/or any of its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or privity with them, from directly or indirectly asserting infringement or instituting any further action for infringement of the Asserted Patents against BOE, or any of BOE’s customers, end-users, agents, suppliers, contractors, consultants, successors, and assigns;

g. An order that this case (or any cause of action) is "exceptional" pursuant to 35 U.S.C. § 285, entitling BOE to an award of their reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon; and

h. Grant to BOE such other and further relief as the Court deems just and proper.

**Answer:**

Bishop Display denies that Defendant is entitled to any of the relief requested in paragraphs a-h of Defendant's Request for Relief.

**BOE'S DEMAND FOR JURY TRIAL**

BOE demands a trial by jury of all issues so triable in this action.

**Answer:**

Bishop Display admits that Defendant demands a jury trial on all issues that may so be tried. Otherwise, denied.

**BISHOP DISPLAY'S PRAYER FOR RELIEF**

WHEREFORE, Bishop Display prays for the following relief:

1. All relief sought in Bishop Display's First Amended Complaint;
2. That Defendant take nothing by reason of the counterclaims, and that the counterclaims be dismissed with prejudice;
3. That the Court enter judgment in favor of Bishop Display and against Defendant, with respect to all causes of action in the counterclaims;
4. That the Court award Bishop Display its attorneys' fees and other costs reasonably incurred in the defense of the counterclaims; and
5. That the Court order such other further relief for Bishop Display as the Court may deem just and proper.

**JURY DEMAND**

Bishop Display demands a trial by jury of any and all issues triable of right before a jury.

Dated: October 13, 2025

Respectfully submitted,

/s/ *Patrick J. Conroy*
Patrick J. Conroy
Texas Bar No. 24012448
Justin Kimble
Texas Bar No. 24036909
T. William Kennedy Jr.
Texas Bar No. 24055771
Jon Rastegar
Texas Bar No. 24064043
**Nelson Bumgardner Conroy PC**
2727 North Harwood Street
Suite 250
Dallas, TX 75201
Tel: (214) 446-4950
pat@nelbum.com
justin@nelbum.com
bill@nelbum.com
jon@nelbum.com

John P. Murphy
Texas Bar No. 24056024
**Nelson Bumgardner Conroy PC**
3131 W 7th St
Suite 300
Fort Worth, TX 76107
Tel: (817) 806-3808
murphy@nelbum.com

Attorneys for Plaintiff
**BISHOP DISPLAY TECH LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 13, 2025.

*/s/ Patrick J. Conroy*
Patrick J. Conroy